UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JMK INVESTMENTS INC., <br><br> Plaintiff, <br><br> v. <br><br> CURTIS AUSTIN, et al., <br><br> Defendants. | No. 2:25-cv-02673-DAD-CKD (PS) <br><br> <u>ORDER *SUA SPONTE* REMANDING CASE TO THE SACRAMENTO COUNTY SUPERIOR COURT AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR TEMPORARY RESTRAINING ORDER AS MOOT</u> <br><br> (Doc. Nos. 2, 3) |

This is an unlawful detainer action brought under California state law by plaintiff JMK Investments Inc. On September 17, 2025, defendants Curtis Austin and Nicole Carter, proceeding *pro se*, removed this case to this federal court from the Sacramento County Superior Court.[1] (Doc. No. 1.) According to defendants, removal is proper because this action purportedly arises under federal law. (*Id.* at 1.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell*

---

[1] The case number of this action in the Sacramento Superior Court is 25UD002522. (Doc. No. 1 at 21.) This case number as well as attachments to the notice of removal reveal the state court complaint as being an unlawful detainer action.

1

1  *& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is
2  strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,
3  599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited
4  jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party
5  asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07.  In addition, "the existence
6  of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated
7  defenses to those claims."  *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*,
8  213 F.3d 1108, 1113 (9th Cir. 2000).  "The strong presumption against removal jurisdiction"
9  means that "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip*
10 *Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  That is, federal jurisdiction over a removed
11 case "must be rejected if there is any doubt as to the right of removal in the first instance."
12 *Geographic Expeditions*, 599 F.3d at 1107.  "If at any time prior to judgment it appears that the
13 district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c);
14 *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c)
15 "is mandatory, not discretionary."  *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also*
16 *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Where it appears,
17 as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the
18 case shall be remanded."  28 U.S.C. § 1447(c).

19      "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
20 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
21 presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*
22 ("*California*"), 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838.  Under the
23 well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement
24 of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of
25 defenses which it is thought the defendant may interpose."  *California*, 215 F.3d at 1014.
26 Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense
27 is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the
28 only question truly at issue."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also*

1  *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal
2  question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would
3  arise under federal law.").

4      Here, defendants have not shown that removal of this action to this federal court is
5  appropriate. The removal notice does not provide clarity as to the exact allegations appearing in
6  the complaint. (Doc. No. 1 at 1–4.) Defendants have attached to their notice of removal what
7  appears to be an emergency petition for writ of mandate to be filed in a state appellate court. (*Id.*
8  at 5–18.) Attached to that emergency petition are several exhibits and, though defendants appear
9  to identify one such exhibit as a copy of the complaint filed by plaintiff in state court, that exhibit
10 was not included with defendants' notice of removal. (*See id.* at 17.) Although defendants
11 appear to contend that the state action and the underlying complaint demonstrate "due process
12 violations" and "constitute[] retaliation" for a separate lawsuit, the state court complaint is not
13 before the court. (*Id.* at 1–2.) Because the court has no basis upon which to determine whether
14 federal question jurisdiction exists "on the face of the plaintiff's properly pleaded complaint,"
15 defendants have failed to properly invoke this court's federal question jurisdiction. *California*,
16 215 F.3d at 1014.

17     Because there is no federal question appearing in plaintiff's complaint in this case,
18 defendants have failed to properly invoke this court's jurisdiction. Remand of this case to the
19 Sacramento County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c);
20 *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

21     Accordingly,

22     1.    This action is REMANDED forthwith to the Sacramento County Superior Court
23         pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
24     2.    Defendants' motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED as
25         having been rendered moot by this order;

26 /////
27 /////
28 /////

      3.      Defendants' motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order; and

      4.      The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 17, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE